UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARTIN,<br><br>            Plaintiff,<br><br>    v.<br><br>RICOH AMERICAS CORPORATION,<br><br>            Defendant.<br>_____/ | No. C-08-4853 EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>**(Docket No. 23)** |

       Plaintiff John Martin has filed suit against Defendant Ricoh Americas Corp., asserting claims for, *inter alia*, employment discrimination in violation of California law. Mr. Martin originally filed suit in state court; Ricoh subsequently removed the case to federal court. Currently pending before the Court is Ricoh's motion to compel arbitration. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** Ricoh's motion.

## I.   FACTUAL & PROCEDURAL BACKGROUND

       The parties do not dispute that Mr. Martin is a former employee of Ricoh and that he was terminated by Ricoh on or about February 8, 2008. *See* Compl. ¶ 14 (claiming termination as of February 8, 2008); Mot. at 2 (indicating that employment ended on approximately February 8, 2008). In addition, the parties do not dispute that, on or about July 27, 2005, Mr. Martin signed an Employment Agreement with Ricoh's predecessor, Lanier Worldwide, Inc., and that this Agreement contains an arbitration provision.

The arbitration provision, which is ¶ 9 of the Employment Agreement, states in relevant part as follows:

> If a legally cognizable dispute arises out of or relates to this Agreement or the breach, termination, or validity thereof, or the compensation, promotion, demotion, discipline, discharge or terms and conditions of employment of the Employee, and if said dispute cannot be settled through direct discussions, the parties voluntarily agree to resolve the dispute by binding arbitration before the American Arbitration Association ("AAA"), Center for Public Resources ("CPR"), Judicial Arbitration and Mediation Services ("JAMS") or Resolution Resources Corporation. The arbitration shall proceed in accordance with the Employment Dispute Resolution Rules of the AAA in effect on the date of the demand for arbitration, each side shall be allowed to take reasonable discovery, and judgment upon the award rendered by the arbitration may be entered in any court having jurisdiction thereof; *provided, however, that disputes involving the unauthorized use or disclosure of Trade Secrets or Confidential Information, may be settled by any court having jurisdiction thereof or decided by arbitration pursuant to this section*. . . . The remedies available through arbitration shall include all remedies available if the dispute had been tried in court. Each party shall pay for his/her/its own fees and expenses of arbitration except that the cost of the arbitrator and any filing fee shall be paid by the Company.

Employment Agreement ¶ 9 (emphasis added).

Paragraph 8 of the Employment Agreement provides an additional gloss on the language italicized above. It states:

> Employee recognizes and agrees that the injury the Company will suffer in the event of Employee's breach of any covenant or agreement contained in Section 4 herein [related to, *inter alia*, disclosure of trade secrets or confidential information] cannot be compensated by monetary damages alone, and Employee therefore agrees that the Company, in addition to and without limiting any other remedies or rights that it may have, either under this Agreement or otherwise, shall have the right to obtain an injunction against Employee from any court of competent jurisdiction, enjoining any such breach, without the necessity of posting a bond or surety, and Employee shall reimburse the Company for its costs and attorneys' fees of such action.

Employment Agreement ¶ 8.

## II.   **DISCUSSION**

In the instant case, Ricoh argues that arbitration should be compelled because there is no dispute that all of the claims asserted in Mr. Martin's complaint – more specifically, claims for employment discrimination, intentional infliction of emotional distress, wrongful termination, breach of contract, and breach of the covenant of good faith and fair dealing – fall within the scope

2

of the arbitration provision in the Employment Agreement (*i.e.*, ¶ 9 of the Agreement). Mr. Martin does not dispute that his claims do fall within the scope of the arbitration provision. He contends, however, that arbitration should not be compelled because the arbitration provision is unconscionable and therefore unenforceable.

> [I]n assessing whether an arbitration agreement or clause is enforceable, [a court] "should apply ordinary state-law principles that govern the formation of contracts.' [¶] Under California law, a contractual clause is unenforceable if it is both procedurally and substantively unconscionable. Courts apply a sliding scale: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice-versa." Still, "both [must] be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.

*Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007).

A.   Procedural Unconscionability

"In assessing procedural unconscionability, the court focuses on whether the contract was one of adhesion. Was it imposed on employees as a condition of employment? Was there an opportunity to negotiate? . . . [The test] focuses on factors of oppression and surprise." *Id.* at 1073.

In the instant case, the evidence of surprise is not strong. The arbitration provision is not overly complex and therefore is fairly easily understood. *See Trend Homes, Inc. v. Superior Court*, 131 Cal. App. 4th 950, 959 (2005) (noting that "[t]here . . . is no element of surprise, since the provision is clearly written, entirely capitalized, and easily understood"). In addition, the provision was contained within the Employment Agreement (only five pages in length) and not, *e.g.*, "concealed in an employee handbook." *Id.* Although the provision was not in bold or uppercase text, it was a distinct clause not "buried in fine print," *id.*, and, most notably, Mr. Martin (as well as a representative of the employer) was required to initial the provision – something that was not required for any other provision in the Agreement. *Compare Gutierrez v. Autowest, Inc.*, 114 Cal. App. 4th 77, 89 (2003) (noting that "[t]he arbitration clause was particularly inconspicuous, printed in eight-point typeface on the opposite side of the signature page of the lease"). Mr. Martin suggests that there was an element of surprise on the basis that he was rushed through the signing process. *See* Martin Decl. ¶¶ 3-4 (stating that the employer representative "told me he was in a hurry that day

3

because he had to attend to other business, and he asked me to sign and initial the forms as quickly as possible"; adding that the representative did not point out the arbitration provision to him but "simply showed me where to sign and initial as a condition of my employment"), but this is an issue that is more appropriate for consideration under the oppression factor. *See Stirlen v. Supercuts*, 51 Cal. App. 4th 1519, 1532 (1997) (stating that "'[s]urprise' involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in the prolix printed form drafted by the party seeking to enforce the disputed terms").

While there is no real evidence of surprise, there is evidence of oppression. "'Oppression' arises from an inequality of bargaining power which results in no real negotiation and 'an absence of meaningful choice.'" *Id.* Oppression is established if "the arbitration provision was presented on a take-it-or-leave-it basis." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1281 (9th Cir. 2007). *Compare Davis*, 485 F.3d at 1073 (indicating that there is no procedural unconscionability where an employee may opt out of an arbitration provision and "still preserve his or her job"). Indeed, courts have held that procedural unconscionability itself is established if the arbitration provision was presented on such a basis. *See Nagrampa*, 469 F.3d at 1281 (discussing unconscionability under California law). Indeed, the case cited by Ricoh in its reply brief makes the same point. In *Fittante v. Palm Springs Motors, Inc.*, 105 Cal. App. 4th 708, 723 (2003) the court found "[t]he procedural component of unconscionability was present here based on, *inter alia*, oppression," and noted that "[p]laintiff clearly had no opportunity to negotiate the arbitration agreement; he was presented with the employment application, containing the agreement, on a 'take it or leave it' basis." Hence, the court found that "[p]laintiff had no meaningful choice; he could accept the agreement or forgo employment."[1]

In the instant case, there is no real dispute that the agreement to arbitrate was a condition of employment. The arbitration provision was part of the Employment Agreement and had to be initialed by the employee. There is nothing to suggest that Mr. Martin had the opportunity to negotiate or to refuse to sign the arbitration provision and Ricoh presents no such evidence

---

[1] In its reply brief, Ricoh *incorrectly* states that the court did not find procedural unconscionability in *Fittante*.

suggesting such. *See Martinez v. Master Protection Corp.*, 118 Cal. App. 4th 107, 114 (2004). Even if the employer representative had called out the arbitration provision to Mr. Martin's attention, *see* Johnson Decl. ¶ 4 (stating that, "[w]hen presenting the [Employment] Agreement to a new employee, my practice was to call attention specifically to the [Arbitration] Clause and instruct the new employee to read the Clause word for word before initialing the Clause and signing the Agreement"; adding that "I would also ask the employee if he or she had any questions about the Clause"), that does not mean that Mr. Martin would have been given the opportunity to opt out of the arbitration provision and still be employed.

As noted above, Mr. Martin argues that the situation he confronted was particularly oppressive because he was rushed through the signing process. Although the time afforded to an employee may not be dispositive, *cf. Davis*, 485 F.3d at 1074 (rejecting employer's argument that it was significant that employee had three months to consider arbitration agreement), such evidence lends to a finding of oppression.

Because the evidence indicates that the arbitration provision was a take-it-or-leave it condition of employment, the Court finds that there was procedural unconscionability in the case at hand.

B.      Substantive Unconscionability

California courts have held that there is substantive unconscionability when employees are required to arbitrate the claims they are most likely to assert against the employer while the employer is allowed to litigate in court the claims it is most likely to assert against employees. *See Martinez*, 118 Cal. App. 4th at 115. In *Martinez*, the arbitration agreement required employees to arbitrate claims for wages and compensation but specifically exempted from its terms any claims by the employer for injunctive or other equitable relief for unfair competition or the disclosure of trade secrets or confidential information. *See id.* The court deemed the arbitration provision substantively unconscionable because of this lack of mutuality.

The instant case is analogous to *Martinez*. Here, the arbitration provision specifies that disputes related to termination or any term or condition of employment will be subject to binding arbitration but another part of the Employment Agreement gives the employer exclusively the right

to obtain injunctive relief in a court to, *e.g.*, enjoin disclosure of trade secrets or confidential information. *See* Employment Agreement ¶ 8.

Ricoh suggests that the case at hand is distinguishable from *Martinez* because it had a legitimate commercial need for the protections provided for by ¶ 8 of the Employment Agreement. In *Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal. 4th 83 (2000), the California Supreme Court recognized that there could be a reasonable justification for a one-sided arbitration agreement. But it emphasized that there must be "factually established" "'business realities' that create the special need for [the] advantage" unless explained in the contract itself. *Id.* at 117. In the instant case, there is no evidence indicating that there are business realities that create a special need for Ricoh to have the advantage of obtaining injunctive relief in court to enjoin the disclosure of trade secrets or confidential information. *See Mercuro v. Superior Court*, 96 Cal. App. 4th 167, 177 (2002) (noting that employer's argument that "speedy and effective relief from the misappropriation of intellectual property assets can only be had in the court system" was "just argument with no evidence to support it"). While the Employment Agreement claims that the reason for the advantage is because the employer's injury "cannot be compensated by monetary damages alone," Employment Agreement ¶ 8, courts have generally rejected such broad claims as inadequate. *See, e.g.*, *O'Hare v. Municipal Resource Consultants*, 107 Cal. App. 4th 267, 277 (2003) (pointing out that arbitrators commonly provide equitable relief); *Mercuro*, 96 Cal. App. 4th at 177 (rejecting defendant's argument that similar provision in arbitration agreement was needed because "[m]onetary damages for the misappropriation of intellectual property assets are often difficult to calculate . . . and would not protect [defendant] from further misappropriation of such assets"). Ricoh has not demonstrated why arbitration does not provide an adequate forum to adjudicate claims of unauthorized disclosure of trade secrets or confidential information. This is especially so in light of California Code of Civil Procedure § 1281.8(b) which provides that "[a] party to an arbitration agreement may file in the court in the county in which an arbitration proceeding is pending, or if an arbitration proceeding has not commenced, in any proper court, an application for a provisional remedy in connection with an arbitrable controversy, but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without provisional relief." Cal.

6

1  Code Civ. Proc. § 1281.8(b).  Given the added protections afforded by § 1281.8(b), Ricoh fails to

2  establish any "special needed" for the one-sided arbitration provision at bar.

3        At the hearing, Ricoh made an argument (not raised in its papers) as to why ¶ 8 of the

4  Employment Agreement is not substantively unconscionable.  According to Ricoh, the provision

5  cannot be substantively unconscionable because California law already permits a party to seek

6  injunctive relief before a court even if the case is subject to arbitration.  In support of this argument,

7  Ricoh cited § 1281.8(b).  Ricoh suggests therefore that ¶ 8 of the Employment Agreement is

8  superfluous.  It is not.  As indicated above, § 1281.8(b) provides that a party may seek only

9  *provisional* relief in connection with an arbitrable controversy.  Paragraph 8 of the Employment

10 Agreement is much more expansive; it permits Ricoh to seek court relief for any injunctive relief,

11 not just preliminary injunctive relief.  In short, lack of mutuality obtains and thus the arbitration

12 provision is unconscionable both procedurally and substantively.

13 C.    <u>Severance</u>

14       That the arbitration provision is both procedurally and substantively unconscionable,

15 however, does not end the matter.  The Court must still determine whether it can sever the

16 substantively unconscionable part of the arbitration provision.

17       In cases involving provisions similar to the one at issue here (*i.e.*, ¶ 8 of the Employment

18 Agreement), courts have declined to sever, but that is usually because the arbitration agreement

19 contains *additional* provisions that are substantively unconscionable.  For example, in *Martinez*, the

20 court noted that

> [t]he arbitration agreement contains several serious defects, including the unlawful provisions shortening the statute of limitations, the cost-sharing provision and the unconscionably unilateral arbitration clause [which allowed the employer to go to court for injunctive relief related to disclosure of trade secrets or confidential information].  "Such multiple defects indicate a systematic effort to impose arbitration on an employee . . . as an inferior forum that works to the employer's advantage."  The substantively unconscionable provisions cannot be cured by striking or limiting application of identifiable provisions.  Rather, the arbitration agreement is so "'permeated' by unconscionability [it] could only be saved, if at all, by a reformation beyond our authority."

7

*Martinez*, 118 Cal. App. 4th at 119; *see also Davis*, 485 F.3d at 1084 (noting that there were four substantively unconscionable terms, including the one giving the employer the right to go to court for certain claims, and concluding that these provisions could not be "stricken or excised without gutting the agreement"); *Ferguson v. Countrywide Credit Indus.*, 298 F.3d 778, 788 (9th Cir. 2002) (holding that "the lack of mutuality regarding the type of claims that must be arbitrated, the fee provision, and the discovery provision, so permeate Countrywide's arbitration agreement that we are unable to sever its offending provisions"); *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702, 726-27 (2004) (noting that arbitration agreement contained "two unlawful provisions: a limitation on discovery that does not provide the weaker party with sufficient opportunity to vindicate her claims, and a lack of mutuality whereby the stronger party has exempted from arbitration the very claims it is likely to bring against employees"; concluding that this showed a systematic effort by the employer to impose arbitration on employee as inferior forum; moreover, there was no single provision that could be stricken to remove the taint); *Abramson v. Juniper Networks, Inc.*, 115 Cal. App. 4th 638, 666 (2004) (noting that there were two unconscionable terms in the arbitration agreement – an illegal cost-sharing provision and a lack-of-mutuality regarding arbitrable claims; stating that the combination demonstrated that the agreement was permeated with illegality and unconscionability); *Mercuro*, 96 Cal. App. 4th at 185-86 (declining to sever where there were multiple unconscionable arbitration provisions – *i.e.*, imposing arbitration fees on the employee and giving the employer the right to go to court for intellectual property claims).

In contrast, where the only unconscionable provision is a singular provision creating lack of mutuality regarding the scope of arbitrable claims, there are courts that have opted to sever. *See Arreguin v. Global Equity Lending, Inc.*, No. C 07-06026 MHP, 2008 U.S. Dist. LEXIS 66732, at *22-23 (N.D. Cal. Sept. 2, 2008); *Siglain v. Trader Publ. Co.*, No. C 08-2108 JL, 2008 U.S. Dist. LEXIS 92095, at *29-30 (N.D. Cal. Aug. 6, 2008). In *Siglain*, Judge Larson explained:

> In this case, the Agreement in question is in no way "permeated" with unconscionability. The only provision which is even arguably substantively unconscionable is that excluding claims concerning restrictive covenants. This provision is a far cry from the one in *Armendariz* which required only employees' claims to be arbitrated. In all other respects, this Agreement tracks the requirements of *Armendariz* and its progeny in terms of cost

> allocation, no limits on employees' remedies, permitting adequate discovery, providing for a neutral arbitrator, and in applying to both parties equally.
>
> Furthermore, unlike *Armendariz* and other cases, the one potentially unconscionable provision is contained in a separate and distinct subsection (Mutual Agreement, ¶ 3(e)) and can easily be severed without requiring any rewriting of the Agreement.

*Id.*

The case at bar is analogous to *Siglain*. In the instant case, as in *Siglain*, there is only one substantively unconscionable provision; the arbitration agreement otherwise comports with the requirements of *Armendariz* (*e.g.*, providing for a neutral arbitrator, more than minimal discovery, and all of the types of relief that would otherwise be available in court and not requiring an employee to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum). *See Armendariz*, 24 Cal. 4th at 102  Also, as the Employment Agreement is written, the substantively unconscionable provision is easily stricken with no need for the Court to augment or reform the Agreement.

Because there is only one substantively unconscionable provision easily capable of severance, and because there is no other indication that there has been "a systematic effort [on the part of Ricoh] to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage," *id.* at 124, the Court shall sever ¶ 8 and compel arbitration. The Court shall further sever a portion of ¶ 9 of the Employment Agreement, more specifically, the following clause: "provided, however, that disputes involving the unauthorized use or disclosure of Trade Secrets or Confidential Information, may be settled by any court having jurisdiction thereof or decided by arbitration pursuant to this section." Employment Agreement ¶ 9. This clause works in tandem with ¶ 8 and must be severed as well.[2]

///

///

---

[2] Under ¶ 9, it is not clear who gets to decide whether the forum should be a court or an arbitration forum. Nevertheless, the carve-out still favors the employer since unauthorized use or disclosure claims are more likely to be brought by the employer.

9

### III. CONCLUSION

For the foregoing reasons, the Court finds that there is both procedural and substantive unconscionability but that the unconscionable provisions should be severed. Accordingly, Ricoh's motion to compel arbitration is granted. The Court orders the parties to arbitration. In the meantime, this case is stayed pending the outcome of the arbitration. The Court sets as a control date a status conference for December 2, 2009, at 2:30 p.m.

This order disposes of Docket No. 23.

IT IS SO ORDERED.

Dated: June 4, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge